UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DAVID A. BARNETT,
Individually and on behalf of a class,

                            Plaintiff,          Case No. 16-cv- 7676

                       - against -

CLIENT SERVICES, INC.,

                            Defendant.
-------------------------------------------------------------X

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant Client Services, Inc. Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information. 15 U.S.C. §§1692c, 1692e, and 1692f.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

1

3. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

4. Plaintiff, David A. Barnett, is an individual resident of the State of New York, residing in the County of New York. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

5. Defendant, Client Services, Inc., is a Missouri Foreign Business Corporation doing business in New York. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

I.  **Improper Direct Communication with Plaintiff**

7. On or about December 31, 2015, Plaintiff's counsel was mailed the collection letter attached as Exhibit A. Plaintiff's counsel received it in the ordinary course of mail.

8. Exhibit A sought to collect a debt incurred for personal, family or household use and not for business purposes.

9. Exhibit A was the first written communication the Defendant had with the Plaintiff.

10. Exhibit A proves that Defendant was aware that Plaintiff was represented by counsel and that all communications regarding the alleged debt were to be directed to Defendant's counsel.

11. Exhibit A is, on information and belief, a form letter.

12. On or about January 6, 2016, a mere six (6) days after the mailing of the initial collection letter, Plaintiff was mailed the collection letter attached as Exhibit B. Exhibit B was mailed directly to Plaintiff's residence, and not to Plaintiff's counsel.

13. It is undisputed that Defendant knew that Plaintiff was represented by counsel at the time Exhibit B was mailed to Plaintiff and that Defendant intentionally elected to ignore such representation and communicated directly with the Plaintiff.

14. Upon receipt of Defendant's letter, Plaintiff felt aggravation, upset, confusion and surprise and felt that he was being hounded by defendant despite defendant's knowledge that he was represented by counsel in the matter of the debt.

15. Defendant's actions as described herein violate 15 U.S.C. §§1692e, 1692e(10 and 1692c(a)(2).

## II.   No *Avila* Notice

16. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint as though set forth at length herein.

17. Exhibit B states that Plaintiff owes to Defendant's client a principal amount of $4,840.34 plus interest/other charges of $141.65 for a total Current Balance of $4,981.99.

18. Exhibit B does not disclose that the balance may increase due to interest and fees.

19. Plaintiff believes from reading the collection letter that the Balance Due was static and that payment of the Balance Due would satisfy the debt no matter when the payment was made, when in fact, the Balance Due continues to accrue interest and fees.

20. Debt collectors transacting business in the Second Circuit are bound to disclose that the balance may increase due to interest and fees. See *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, (2d Cir. 1016).

21. Although Defendant made such disclosure in its initial "first" collection letter (Exhibit A), that letter was mailed to Plaintiff's counsel, not to Plaintiff, and no disclosure was made in the subsequent collection letter (Exhibit B).

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

22. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint as though set forth at length herein.

23. Defendant knew that Plaintiff was represented by counsel and should not be contacted directly.

24. Defendant knew of plaintiff's legal representation before defendant sent its collection letter directly to plaintiff.

25. Defendant sent its letter directly to Plaintiff at his residence notwithstanding its knowledge that plaintiff was represented by counsel, thereby violating FDCPA 15 U.S.C. § 1692c(a)(2).

26. Defendant is further in violation of the FDCPA, § 1692e(10) in that defendant's conduct in contacting plaintiff directly after knowledge of attorney representation constitutes a deceptive and misleading means used in an attempt to collect the debt and was an

4

effort to mislead plaintiff into communicating with defendant directly in disregard of the representation of his counsel.

27. As a result of defendant's violation of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, actual damages, costs and attorney fees.

## SECOND CAUSE OF ACTION
(Violations of the FDCPA)

28. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 27 of this Complaint as though set forth at length herein.

29. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

30. Section 1692e(2) states that:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . the following conduct is a violation of this section:**
>
> **(2) The false representation of –**
>     **(A) the character, amount, or legal status of any debt.**

31. Plaintiff read <u>Exhibit B</u> and believed that by paying the Current Balance he is paying his entire debt in full when in fact, interest is accruing daily and undisclosed fees may be added.

32. That by paying the Current Balance, Plaintiff does not know whether the debt has been paid in full.

33. That the Defendant could still seek to collect additional interest and fees that have accrued between the date that <u>Exhibit B</u> was mailed and the date that payment of the Current Balance was made.

5

34. The FDCPA requires that debt collectors disclose to consumers that the balance due may increase due to interest and fees when they notify consumers of their balance.

35. Exhibit B makes no disclosure that the Balance Due may increase due to interest and fees.

36. Defendant used false representation of the character, amount, and legal status of the debt in connection with the collection of the debt in violation of 15 U.S.C. §§ 1692e and 1692e(2).

### THIRD CAUSE OF ACTION
(Violations of the FDCPA)

37. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 36 of this Complaint as though set forth at length herein.

38. Section 1692f(1) states that:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

39. That in the event that Defendant's statement in Exhibit B that "Interest/Other Charges Applied This Statement Period: $141.65" relates to an "other charge," Defendant's statement in Exhibit B is improper.

40. That the $141.65 other charge is a fee charged and collected by Defendant.

41. That the $141.65 other charge is not expressly authorized by any agreement that Plaintiff has with the original creditor.

42. That the $141.65 other charge is not permitted by any applicable law.

43. That, as and for an alternative, Defendant retains all or a portion of the $141.65 other charge.

44. That Defendant's retention of all or a portion of the $141.65 other charge is not expressly authorized by any agreement that plaintiff has with the original creditor or with the debt buyer.

45. That Defendant's retention of all or a portion of the $141.65 other charge is not permitted by any applicable law.

46. That Defendant's statement in its collection letters regarding the $141.65 other charge is an attempt to collect an amount which is not permitted by the FDCPA, § 1692f(1).

47. That Defendant's statement in its collection letters regarding the $141.65 other charge constitutes an unfair and unconscionable means used by defendant in its attempt to collect a debt, in violation of the FDCPA, including but not limited to § 1692f.

48. That further, Defendant's statement in its collection letters regarding the $141.65 other charge also falsely represents the compensation which may be lawfully received by Defendant for the collection of the debt, in violation of the FDCPA, including but not limited to Section 1692e(2)(B).

49. That further, Defendant's statement in its collection letters regarding the $141.65 other charge constitutes a false, deceptive and misleading representation or means used by Defendant in connection with the collection of a debt, in violation of the FDCPA Sections 1692e and 1692e(10).

50. That further, Defendant's statement in its collection letters regarding the $141.65 other charge is a threat to take an action that cannot be legally taken, viz., to add a fee

that is not authorized by any law or by the agreement between Plaintiff and the original creditor which created the alleged debt, and is therefore a violation of the FDCPA, Section 1692e(5).

51. Defendant's acts, as described herein, constitute violations of 15 U.S.C. § 1692f(1) and 1692e.

## CLASS ALLEGATIONS

52. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

53. The class consists of (a) all natural persons (b) who were sent a letter as Exhibit A or Exhibit B (c) seeking to collect a debt (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

54. The class is so numerous that joinder is impracticable.

55. On information and belief, there are more than 50 natural persons who were sent a letter similar to Exhibit A or Exhibit B on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

56. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

   a. Whether the defendant violated various provisions of the FDCPA, including by not limited to 15 U.S.C. §§1692c and 1692e; and/or

   b. Whether defendant communicated directly with the debtor when it knew that the debtor was represented by counsel; and/or

   c. Whether defendant's letters and were false, deceptive and misleading; and/or

      d. Whether defendant attempt to collect interest without proper noticing; and/or

      e. Whether the letter violates the FDCPA; and/or

57. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

58. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

59. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

a) Statutory damages;

b) Attorney's fees, litigation expenses and costs of suit;

c) Declaratory relief finding the collection letter violates the FDCPA;

d) Declaratory relief finding that defendant charged, collected or attempted to collect interest rates in excess of New York's usury limit;

e) Judgment declaring that all accounts held by defendant on which defendant charges, collected or attempted to collect interest in excess of New York's usury limit are void;

f) Judgment ordering disgorgement of all interest collected by defendant in excess of the maximum interest rate allowed under New York's law; and

g) For such other and further relief which this court deems just and proper.

Dated: Brooklyn, New York
September 30, 2016

> SHAKED LAW GOUP, P.C.
> Attorneys for Plaintiff
>
> By: _____
> Dan Shaked (DS-3331)
> 44 Court St., Suite 1217
> Brooklyn, NY 11201
> Tel. (917) 373-9128
> Fax (718) 704-7555
> e-mail: ShakedLawGroup@Gmail.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

_____
Dan Shaked (DS-3331)